IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARVIN HAROLD WITHERSPOON,

    Petitioner,

v.                                     Civil Action No. 3:10CV323

PATRICIA STANSBERRY,

    Respondent.

**MEMORANDUM OPINION**

The matter is before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241 Petition") submitted by Marvin Harold Witherspoon. Respondent has moved to dismiss on the ground that the § 2241 Petition is a successive, unauthorized motion under 28 U.S.C. § 2255. Witherspoon has responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

The United States District Court for the Western District of North Carolina ("the Sentencing Court") aptly summarized the pertinent procedural history of Witherspoon's conviction and subsequent postconviction proceedings.

> [O]n November 8, 2004, Petitioner pled guilty, pursuant to a written plea agreement, to a charge that he had induced and aided and abetted the inducement of a person under the age of 18 to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been transported in interstate commerce, all in violation of 18 U.S.C. §§ 2251(a) and 2. (Criminal Case No. 5:04CR4-V, Doc. No. 51). On June 21, 2005, this Court sentenced Petitioner to a mandatory

>     minimum 120-month term of imprisonment. The Court's
> Judgment was filed on July 12, 2005; however, Petitioner
> did not appeal from that Judgment. (Id., Doc. No. 68).
>     Instead, on February 22, 2007, Petitioner filed his
> first Motion to Vacate raising three claims for relief,
> two of which related to an alleged violation of his
> rights under Brady v. Maryland, 373 U.S. 83 (1963).[1]
> (Civil Case No. 5:07CV21-V-3, Doc. No. 1). Although
> Petitioner conceded that said Motion to Vacate was
> untimely filed, he argued that his claims were cognizable
> under 28 U.S.C. § 2255(4) because they were based upon
> his then-recent discovery of the key witnesses' prior
> adjudication of incompetency. (Id. at 4). The
> Government conceded that the two claims which were based
> upon Petitioner's discovery of the witness's incompetence
> were timely filed, but also argued that the third claim-
> which related to counsel's handling of a suppression
> issue-was not based upon new evidence and, therefore, was
> time-barred. (Id., Doc. 10 at 12-13).
>     The Court agreed with the Government and addressed
> only the merits of Petitioner's two Brady-based claims.
> Nevertheless, on November 12, 2008, the Court entered an
> Order rejecting the two Brady claims for their lack of
> merit and dismissing the third claim as untimely filed.
> (Id., Doc. No. 77). Petitioner appealed that Order but
> his appeal was dismissed by the Fourth Circuit Court of
> Appeals.

Witherspoon v. United States, Nos. 5:10CV76-V-2, 5:04CR5-1-V, 2010 WL 2629574, at *1 (W.D.N.C. June 28, 2010) (parallel citations omitted; spacing corrected) (citing United States v. Witherspoon, 308 F. App'x 734 (4th Cir. 2009)).

---

[1] Specifically, Petitioner alleged that: (1) the Government had committed prosecutorial misconduct and a Brady violation by failing to disclose that the victim, a key witness against him, had been found to be mentally incompetent in an unrelated estate proceeding that pre-dated Petitioner's entry of his guilty plea; (2) his attorney was ineffective for failing to request a competency hearing for that victim based upon such circumstance; and (3) his attorney was ineffective for failing to seek the suppression of the evidence found at his residence.

Thereafter, Witherspoon filed a series of motions seeking relief under Federal Rules of Civil Procedure 59(e) or 60(b). Id. at *1-2. The Sentencing Court concluded that Witherspoon's motions lacked merit or were successive, unauthorized 28 U.S.C. § 2255 motions. Id.

In 2010, Witherspoon filed a new § 2255 motion in the Sentencing Court. Id. at *2.

> This new Motion alleges, in part, new violations of Petitioner's rights under Brady—that the Government violated his due process rights by failing to both advise him of the victim's incompetence and that such witness was going to receive payment for his testimony "in a criminal matter involving [Petitioner]"; and that the prosecutor violated his Fourth and Fifth Amendment rights by failing to disclose such Brady information. (Doc. No. 1 at 4 and 7). Petitioner's Brady allegations are based upon his representations that in November 2009, a North Carolina Court reportedly entered an Order stating that "the Government knew of the incompetency of [the] witness . . . and [that] he would be receiving funds for being a witness . . . This information was not disclosed to the prosecutor, the Court nor the defendant." (Id. at 4).

Id. (alterations and omissions in original). The Sentencing Court rejected Witherspoon's argument that he was not required to obtain prefiling authorization for his successive § 2255 motion and dismissed the motion. Id. at *3-4.

On May 13, 2010, this Court received Witherspoon's present action which he styled as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his § 2241 Petition, Witherspoon raises, inter alia, a Brady claim similar to one he pressed in his last successive, unauthorized § 2255 motion he filed with the

Sentencing Court. Witherspoon asserts that he could not have discovered his present Brady claim at the time he filed his first § 2255 motion.

## II. ANALYSIS

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[2] The United States Court of Appeals for

---

[2] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains

    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient

4

the Fourth Circuit has concluded that all <u>Brady</u> claims are subject to AEDPA's gatekeeping provision. <u>See</u> <u>Evans v. Smith</u>, 220 F.3d 306, 323 (4th Cir. 2000).

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. <u>See</u> <u>Swain v. Pressley</u>, 430 U.S. 372, 381 (1977). For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." <u>In re Vial</u>, 115 F.3d at 1194 n.5 (<u>citing</u> <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996); <u>Hanahan v. Luther</u>, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." <u>Id.</u> (internal citations omitted).

The Fourth Circuit has stressed that an inmate may challenge his conviction under § 2241 "only in very limited circumstances." <u>United States v. Poole</u>, 531 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted). The "controlling test," <u>id.</u>, in the Fourth Circuit is as follows:

---

> to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

5

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000).

Witherspoon does not attempt to satisfy the foregoing test. Rather, Witherspoon insists, inter alia, he has not had a full opportunity to litigate his present Brady claim. Witherspoon, however, fails to direct the Court to any persuasive authority for the proposition that the procedural difficulties for litigating his Brady claim render § 2255 inadequate and ineffective such that he is entitled to proceed under 28 U.S.C. § 2241. "[T]he standards that Congress has established for the filing of second or successive petitions account for precisely the type of situation [Witherspoon] alleges. . . . [T]he statute affords an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." Evans, 220 F.3d at 323.

Because Witherspoon has failed to satisfy the controlling test in Fourth Circuit for proceeding under 28 U.S.C. § 2241, Respondent's Motion to Dismiss (Docket No. 7) will be GRANTED. The

action will be DISMISSED for lack of jurisdiction. To the extent that a certificate of appealability is applicable to the present action, the Court will DENY a certificate of appealability.[3]

The Clerk is DIRECTED to mail a copy of the Memorandum Opinion to Witherspoon and counsel for the United States.

And it is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 29, 2011

---

[3] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Witherspoon is entitled to further consideration in this matter.